UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. MACY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:17-cv-01092-WTL-MJD |
| v. | ) | |
| | ) | |
| DESHAUN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Christopher M. Macy for a writ of habeas corpus challenges Indiana prison disciplinary proceeding number ISR 16-11-0014, in which he was disciplined for the unauthorized possession of documents. For the reasons explained in this Entry, Mr. Macy's habeas petition is **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B.     The Disciplinary Proceeding

On October 28, 2016, Indiana Department of Correction (IDOC) Officer Wilson of the Pendleton Correctional Facility wrote a Conduct Report charging Mr. Macy with the unauthorized possession of documents, a Class B offense in the IDOC's Adult Disciplinary Process. The Conduct Report provides:

> On the above date and time, I C/O Wilson asked offender Macy if he had anything that had to do with state policies . . . and Offender Macy stated he did and went to his bunk area and handed me a paper he stated he had gotten from the law library. I then shook Offender Macy down and found a few more papers about security operations that Counselor Travis [now] has in his possession.

Dkt. No. 8-1.

Mr. Macy was notified of the charge on November 3, 2016, when he received the Screening Report. Dkt. No. 8-3. He plead not guilty to the charge, requested a lay advocate, indicated he wished to call a witness, and requested certain evidence. *Id.*

A hearing was held on November 16, 2016. Mr. Macy's statement at the hearing as "I feel Lagenor should have written me up not Ofc. Wilson." Dkt. No. 8-7. Based on Mr. Macy's statement, staff reports, and the document confiscated from Mr. Macy, the hearing officer found Mr. Macy guilty of unauthorized possession of documents. The sanction imposed was the loss of earned-credit time.

An appeal was taken to the Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. Mr. Macy then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C.     Analysis

Mr. Macy's petition for habeas corpus seeks relief on four grounds: (1) the wrong IDOC employee wrote the conduct report; (2) the evidence used at the hearing had been altered; (3) the

disciplinary hearing was the result of retaliation for having filed a grievance against IDOC administrative personnel; and (4) the incident should have been a Class C offense, not a Class B. None of these grounds supports habeas corpus relief.

### 1. Charging Officer on the Conduct Report

Mr. Macy's authority for his proposition that he should have been charged by Unit Manager Lagenour rather than Officer Wilson is based on Mr. Macy's interpretation that IDOC policies providing that IDOC employees who witness rules violations shall write the conduct reports. Dkt. No. 1, p. 3. Mr. Macy overlooks the portion of this policy that allows any employee "who has reason to believe that a rule violation had occurred" to initiate a conduct report. IDOC Adult Disciplinary Procedure, Part 02-01-101, Section III.B.1.

Moreover, the failure to follow state policies and procedure, even the failure to comply with state law, does not rise to the level of a federal constitutional violation that allows habeas corpus relief. Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations

provide no basis for federal habeas review."). Accordingly, Mr. Macy is not entitled to relief on this basis, and this ground is **denied**.

### 2. Altered Evidence

The document taken from Mr. Macy, which concerned security practices at the prison, was stamped "confiscated" by the officers who collected the document. Mr. Macy contends that action altered the evidence and makes his disciplinary conviction invalid. He cites no legal authority for this proposition. Instead he quotes prison policies concerning the collection of evidence (none of the quoted policies prohibit the action Mr. Macy complains of). For the same reason explained in the preceding section, the violation of prison policies and rules do not support habeas corpus relief. This ground for relief is **denied**.

### 3. Retaliation

Indiana prisoners should not be retaliated against by prison officials for the exercise of their lawful conduct. However, the Seventh Circuit has held that the procedural protections set out in *Wolff* adequately protect inmates from fraudulent charges. *See McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999); *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987). Because Wilson has failed to establish a violation of *Wolff*, his retaliation claim also fails. *See McPherson*, 188 F.3d at 787; *McKinney*, 831 F.2d at 733. Habeas corpus relief on this ground is **denied**.

### 4. Overcharging of Conduct

Mr. Macy did not present his claim that he was overcharged to the IDOC administrative appeal authorities. Dkt. No. 8-10. This claim was raised for the first time during this habeas corpus proceeding. Respondent urges it has been waived.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be

raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Because this issue was not raised during Mr. Macy's IDOC appeals, it cannot be considered by this Court, and habeas corpus relief on this ground is **denied**.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Macy to the relief he seeks. Accordingly, Christopher Macy's petition for a writ of habeas corpus is **denied**. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/11/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Christopher M. Macy
956245
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064